United States Court of Appeals
Fifth Circuit

**F I L E D**

March 17, 2005

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 04-20340
Consolidated With 04-20437

HARRY T. KEANE, JR.

Plaintiff - Appellant

VERSUS

FOX TELEVISION STATIONS, INC.; KRIV FOX 26 (HOUSTON, TX); SIMON
COWELL; SIMON FULLER, Individually, doing business as 19TV;
FREMANTLEMEDIA OF NORTH AMERICA, INC.; FREMANTLEMEDIA, LTD.; 19TV
LTD.; NIGEL LYTHGOE

Defendants - Appellees

Appeals from the United States District Court
For the Southern District of Texas
4:03-CV-1642

Before DAVIS, SMITH, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Appellant Keane challenges the district court's Rule 12(b)(6)
dismissal of his action alleging defendants' misappropriation of
Keane's concept for a television show, which he planned to call

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"American Idol."[1]  We affirm the judgment of the district court essentially for the reasons stated by the district court in its April 13, 2004 Memorandum and Order.

In his complaint, Keane alleged several causes of action, all of which the district court dismissed on 12(b)(6) grounds. On appeal, Keane argues that he stated claims upon which relief can be granted for breach of an implied-in-fact contract, breach of a contract implied in law, quantum meruit, unfair competition (both for misappropriation of a product and misappropriation of a trade secret), and trademark infringement. As Keane has failed to allege any set of facts to support a claim which would entitle him to relief, the district court did not err in dismissing this claim under rule 12(b)(6). See Conley v. Gibson, 355 U.S. 41 (1957), Lefall v. Dallas Indep. School Dist., 29 F.3d 521, 524 (5th Cir. 1994).

Because we affirm the district court's dismissal of Keane's claims on 12(b)(6) grounds for the reasons stated in the district court's opinion, it is unnecessary for us to engage in a detailed analysis of the various legal issues. Fundamentally, we agree with the district court that Keane's trademark action is "derailed by two fundamental, fallacious premises", Keane, 297 F.Supp. 2d at 933:  namely, that his rights in an unregistered concept or idea

---

[1]According to Keane, he also considered calling his show "Ultimate Starsearch" and "American Superstars". Keane v. Fox Television Stations, Inc., 297 F. Supp. 2d 921, 926 (S.D. Tex. 2004).

are protectable and that being the first in time to use the phrase "American Idol" entitles him to trademark protection. Trademarks only protect fully developed products, not the ideas for the products. Also, unregistered trademark rights must be appropriated through use, that is, through some commercial activity and Keane asserted no such commercial activity sufficient to appropriate such rights.

Beyond his trademark arguments, Keane heavily emphasized his claims for breach of implied-in-fact contract and misappropriation of trade secrets. In Whitfield v. Lear, 751 F.2d 90 (2nd Cir. 1984), the Second Circuit asserted that the idea purveyor cannot recover unless he has obtained a promise to pay or the conduct of the offeree reflects an intent to pay for the proffered idea. See also Landsberg v. Scrabble Crossword Game Players, Inc., 736 F.2d 485, 489 (9th Cir. 1984) (An implied-in-fact contract exists where "the circumstances and conduct manifesting the terms and existence of a contract precede or attend disclosure of the idea". See also Kleck v. Bausch & Lomb, Inc., 145 F.Supp. 2d 819, 825 (W.D. Tx. 2000). We agree with the district court's reading of plaintiff's pleadings that he did nothing to indicate that disclosure of his idea was contingent on payment. Consequently, the district court correctly concluded that the defendants' acceptance of plaintiff's idea cannot be taken as an implied acceptance.

Similarly, we agree with the district court's dismissal of plaintiff's misappropriation of trade secret claims. Because Keane

3

sent out unsolicited letters, which detailed the specifics of his idea, to several different production companies and advertised his idea on the internet, the district court correctly found that he cannot demonstrate that he had a trade secret that was unknown outside of his business or that he took measures to guard the secrecy of the information.

Because we conclude that the district court correctly determined that Keane failed to survive the defendants' 12(b)(6) motion, we need not reach the preemption issue.

We also agree with the district court's thorough consideration of defendants' claim for attorneys' fees and the district court's award of attorneys' fees against the plaintiff and in favor of the defendants. The district court's conclusion that the plaintiff pursued his copyright claim when he knew none existed is supported by the record. The district court's finding of bad faith by plaintiff's attorney also supported imposition of fees under the Lanham Act.

For these reasons we affirm the judgment of the district court.

AFFIRMED.

4